**RECORD NO. 14-4871(L)**
**CONSOLIDATED W/14-4872**

IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

————————————

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

JAMES LARRY MCNEAL;
ALPHONSO STODDARD,

*Defendants - Appellants.*

————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT ALEXANDRIA

————————————

**REPLY BRIEF OF APPELLANTS**

————————————

Joseph J. McCarthy
DELANEY, McCARTHY,
 & COLTON, P.C.
510 King Street, Suite 400
Alexandria, Virginia 22314
(703) 549-9701
mccarthy@lawdmc.com

Maureen L. White
Attorney at Law
808 North Hamilton Street
Richmond, VA 23221
(804) 355-9955
mmwhite49@gmail.com

*Counsel for Appellant*
*James Larry McNeal*

*Counsel for Appellant*
*Alphonso Stoddard*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . iv

    CASES . . . . . . . . . . . . . . . . . . . . . . . . iv

    STATUTES . . . . . . . . . . . . . . . . . . . . . . . .v

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.   The District Court Erred When it Denied McNeal's Rule 29
    Motion as to Counts One, Six and Seven Because No Rational
    Trier of Fact Could Have Found the Essential Elements of
    Count One Proven Beyond a Reasonable Doubt and Because the
    *Pinkerton* Standard of Foreseeability Was Therefore
    Erroneously Applied to the Analysis of McNeal's Criminal
    Liability on Counts Six and Seven . . . . . . . . . . . 3

    1.   The Evidence Was Insufficient to Sustain a Conviction
       as to Count One . . . . . . . . . . . . . . . . . . 3

    2.   The Government Is Not Entitled to a Finding of the
       Lesser-included Offense And, in Any Event, the Evidence
       Equally Fails to Support this Finding . . . . . . . 8

    3.   Because the Evidence Does Not Support a Conviction on
       Count One the Government May Not Assert *Pinkerton*
       Liability and the Record Supports No Other Theory of
       Criminal Responsibility on Counts Six and Seven . . 12

II.  The Evidence as to Counts Three, Five and Seven Was
    Insufficient to Support a Conviction Because No Evidence Was
    Offered to Prove Beyond a Reasonable Double That the Firearm
    Was Designed to Expel a Projectile by the Action of an
    Explosive . . . . . . . . . . . . . . . . . . . . . . 13

III. The District Court Erred with it Admitted Evidence of a
    Weapon and Money Seized from 1327 Ray Road Because it Was
    Irrelevant and Because the Government Breached its Agreement
    Not to Offer Evidence of Pre-Trial Statements by McNeal
    Which Arguably Supported the Government's Relevancy Argument
    . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE WITH TYPEFACE
        AND LENGTH LIMITATIONS
        . . . . . . . . . . . . . . . . . . . . . . . .   20

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . .   21

# TABLE OF AUTHORITIES

**CASES**

*County Court of Ulster County, New York v. Allen*, 442 U.S. 140 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*DeMarrias v. United States*, 453 F.2d 211 (8th Cir. 1972) . . 10

*Keeble v. United States*, 412 U.S. 205 (1973) . . . . . . . 14

*McNeely v. United States*, 353 F.2d 913 (8th Cir. 1965) . . . 18

*Morris v. Mathews*, 475 U.S. 237 (1986) . . . . . . . . . . 11

*United States v. An Article of Device*, 731 F.2d 1253 (7th Cir. 1984 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States v. Colzie*, 817 F.2d 103 (4th Cir. 1987) . . . . . 3

*United States v. Dhinsa*, 243 F.3d 635 (2d Cir. 2001) . . . . . 9

*United States v. Dinkane,*
      17 F.3d 1192 (9th Cir. 1994) . . . . . . . . . . 9, 11, 13

*United States v. Hawkes*, 753 F.2d 355 (4th Cir. 1985) . . . . . 2

*United States v. Love*, 767 F.2d 1052 (4th Cir. 1985) . . . . . 3

*United States v. McCaskill*, 676 F.2d 995 (4th Cir. 1982) . . 13

*United States v. Melton*, 491 F.2d 45 (D.C. Cir. 1973) . . . . 10

*United States v. Mitcheltree*, 940 F.2d 1329 (10th Cir. 1991) . 9

*United States v. Paige*, 324 F.2d 31 (4th Cir. 1963) . . . . . . 3

*United States v. Parker*, 30 F.3d 542 (4th Cir. 1994) . . . . . 7

*United States v. Redd*, 161 F.3d 793 (4th Cir. 1998) . . . . . 13

*United States v. Sherman*, 421 F.2d 198 (4th Cir. 1970) . . . . 7

*United States v. Silvers*, 90 F.3d 95 (4th Cir. 1996) . . . . 10

*United States v. Tresvant*, 677 F.2d 1018 (4th Cir. 1982) . . 17

*United States v. Vasquez-Chan*, 978 F.2d 546 (9th Cir. 1992) . . 9

**STATUTES**

18 U.S.C. § 2113 . . . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C. § 921 . . . . . . . . . . . . . . . . . . . . . . . 14

18 U.S.C. § 924 . . . . . . . . . . . . . . . . . . . . . . . 14

28 U.S.C. § 2106 . . . . . . . . . . . . . . . . . . . . . . . 8

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

RECORD NO. 14-4871(L),
14-4872
_____

UNITED STATES OF AMERICA,

APPELLEE,

v.

JAMES LARRY McNEAL,

and

ALPHONSO STODDARD,

APPELLANTS.

On Appeal from the United States District Court
for the Eastern District of Virginia
Alexandria Division

_____

REPLY BRIEF OF APPELLANTS
_____

**INTRODUCTION**

In its introduction the Government tries to anchor McNeal to

the conspiracy by suggesting he attempted to flee the scene of

the December 31 bank robbery before the swat team rammed the Ford

Taurus:

> "When they were apprehended as they attempted to flee
> the Wells Fargo [bank], McNeal was behind the wheel..."

Gov. Br. at 10.  Flight can be evidence of guilty knowledge and

1

lends support to the Government's argument McNeal knowingly participated in the conspiracy. *United States v. Hawkes*, 753 F.2d 355, 359 (4th Cir. 1985). The evidence, however, does not support this suggestion. Agent Dunham testified that the swat team vehicle pinned the Ford Taurus against the curb just as Stoddard and Link returned to this parked vehicle:

> We made the U-turn, we came back up to the vehicle just at the time those two individuals were occupying that car, and the car was beginning to move at which point our driver impacted that vehicle and pinned it in that location where you see it in the photo.

JA 606. Agent Dunham was referring to Government Exhibit 7, a photograph, which shows the pinned Ford Taurus, the front wheels still parallel to the curb. There was no evidence McNeal attempted to flee.

## STATEMENT OF THE CASE

The Government argues that in Link's statement of facts he admitted he was the gunman, Stoddard jumped the counter, and McNeal was the getaway driver during the robberies preceding the December 31 arrests. Gov. Br. at 13, 14, 17. Link never testified. Gov. Br. at 32, footnote 2. His statement of facts, Government Exhibit 40, was never admitted. Dist. Ct. Dkt. No. 211-1.

2

**ARGUMENT**

I.    **The District Court Erred When it Denied McNeal's Rule 29 Motion as to Counts One, Six and Seven Because No Rational Trier of Fact Could Have Found the Essential Elements of Count One Proven Beyond a Reasonable Doubt and Because the *Pinkerton* Standard of Foreseeability Was Therefore Erroneously Applied to the Analysis of McNeal's Criminal Liability on Counts Six and Seven**

1.    **The Evidence Was Insufficient to Sustain a Conviction as to Count One**

There was no direct evidence McNeal conspired with either Stoddard or Link concerning the conspiracy.  The Government counters that the jury could draw inferences from circumstantial evidence.

The circumstantial evidence, however, revealed nothing more than McNeal's mere presence, which was insufficient to support the convictions.  *United States v. Colzie*, 817 F.2d 103 (4th Cir. 1987)(Mere presence at the scene of a crime, or in the company of those engaged in crime, does not, by itself, even establish probable cause for an arrest); *United States v. Love*, 767 F.2d 1052, 1058-59 (4th Cir. 1985)(". . . a criminal defendant's mere presence at the scene of the crime or his knowledge of that crime is insufficient to establish that he joined a conspiracy or aided and abetted in the commission of the crime.  Instead, the defendant's active, knowing participation is required before a conviction may be entered.").  *United States v. Paige*, 324 F.2d 31, 31-32 (4th Cir. 1963)(Mere presence and flight at the scene

of a crime is not criminal).

The Government points to what it considers significant circumstantial evidence.  Gov. Br. at 33-34.  The Government weaves these pieces of thread into a tapestry of speculation, not proven facts:

> On December 27, 2013, McNeal, Stoddard and a third individual (likely Link) were observed casing banks, including a Bank of America and the Wells Fargo bank they would rob four days later.  They drove from Maryland, through Washington, D.C., to Virginia, parked and drove near banks on Columbia Pike, and left without conducting any business or even getting out of the vehicle. The jury was entitled to use its common sense to conclude that the purpose of these drives were to plan a robbery and **to conclude even absent testimony from the occupants of the car that the details of the plan, including the use of a gun, were discussed.**
> (Emphasis provided).

The Government imbeds conclusion and fairly wild speculation into this "circumstantial" evidence.  True, the evidence revealed that on December 27, 2013, McNeal, Stoddard and a third individual (not established to be Link) were observed in Arlington.  At this point evidence and speculation part company. There was no evidence this foray into a congested area of Arlington's commercial strip was for the purpose of "casing" a bank.  Nothing beyond sheer speculation permitted the conclusion 1) there was any conversation in the automobile, and 2) if there was any conversation, that it included discussion of any firearm. The evidence merely revealed a car trip, that and nothing more.

The Government goes on:

4

> On December 31, 2013, McNeal, Stoddard and Link
> returned to Arlington to carry out their plan. The
> three defendants arrived in Arlington on December 31,
> 2013 at approximately 12:35 p.m., and proceeded to
> further case banks along the Columbia Pike corridor.
> They ultimately settled on the Wells Fargo bank located
> at the intersection of George Mason Drive and Columbia
> Pike. McNeal stopped the vehicle, and McNeal and
> Stoddard exited the vehicle, clad in dark clothing,
> gloves and hooded sweatshirts. McNeal then left his
> parking spot, and proceeded to position his vehicle so
> that he was approximately one and a half blocks from
> the bank, facing Route 50, which is a direct
> thoroughfare back to Washington, D.C. Again, a rational
> jury could conclude based on this evidence that the
> three men had agreed to rob the Wells Fargo using a
> gun.

The government has offered no evidence, circumstantial or
otherwise, to establish the existence of a plan which included
McNeal.  This paragraph offers as evidence only that when
Stoddard and Link exited his vehicle, McNeal parked the car at a
different location.  From this the Government asserts a rational
jury could conclude the three men had agreed to rob the Wells
Fargo bank by use of a firearm.  Driving two people to a downtown
area of Arlington and watching them leave the vehicle does not
sustain a conviction for knowingly and willfully joining a
conspiracy to rob a bank with a firearm.

Next the Government asserts:

> After the December 31 robbery, the car was stopped by
> law enforcement as McNeal attempted to speed the
> robbers away. Link was found with a gun in his
> possession.  As the district court noted, McNeal could
> claim that Link had picked this gun up "after he had
> gotten out of the car, which, of course, is highly,
> highly unlikely."

As noted *supra*, there was no evidence McNeal attempted to speed away. The Government stretches the facts of the stop past the breaking point to create an inference of McNeal's guilty state of mind.

The Government invites further speculation, not evidence, whether circumstantial or direct, as to conversations McNeal may or may not have had with Stoddard and Link:

> Evidence also showed that Stoddard and Link robbed three other banks in October and November using the exact same modus operandi . . . . The jury was entitled to conclude that the whole group had discussed the prior robberies and agreed to carry out the December 31 robbery in the same manner.

The Government's brief leaves the reader wondering why it is a juror was entitled to conclude any such discussion occurred. Assuming *arguendo* McNeal was a new participant to the conspiracy on December 31, 2013, there is every reason to conclude that Stoddard and Link **would not discuss** the prior robberies with McNeal. Further, the Government ignores the elephant in the living room: the jury hung on the counts pertaining to the earlier robberies as to McNeal.

The Government next concentrates its circumstantial case on the revolver found at 1327 Ray Road:

> A search of McNeal's residence revealed cash and a silver revolver similar to the one used in the October robberies. Even if the jury did not conclude beyond a reasonable doubt that this showed that McNeal was involved with those earlier robberies (again, for which there was no direct evidence placing McNeal at the scene of the crime), the gun was nonetheless probative

6

of McNeal's involvement in the armed conspiracy in
light of the other evidence discussed above.

A weapon removed, not from the crime scene, not from the person, but from an address in another state, does not fortify the Government's case against McNeal.  Indeed, had McNeal been arrested in the driver's seat in possession of this weapon, that might, but might not necessarily, strengthen the Government's case that McNeal was a co-conspirator.

"In reviewing the sufficiency of the evidence, [this Court] must determine 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Parker*, 30 F.3d 542, 551-52 (4th Cir. 1994) *quoting Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  See also, *United States v. Sherman*, 421 F.2d 198, 199 (4th Cir. 1970).  That said, when viewing evidence in a light most favorable to the Government, the Court must resist the Government's invitation to "make up" evidence not in the record below.  *Parker*, at 553.  The Government invites the Court to imagine unproved conversations and plans; to link a weapon found in Maryland after the fact as supporting McNeal's knowing and willful participation as a co-conspirator at a crime scene in Virginia; and, to recreate the stop:  when the swat team simply boxed the Ford Taurus against the curb, the Government describes high speed flight.  For each "fact" contained in this

7

circumstantial case which the Government argues points only to guilt beyond any reasonable doubt, there are numerous alternative explanations suggesting innocence. No rational trier of fact could find McNeal guilty beyond any reasonable doubt.

### 2. The Government Is Not Entitled to a Finding of the Lesser-Included Offense And, in Any Event, the Evidence Equally Fails to Support this Finding

The Government argues this Court might still affirm McNeal's convictions under 28 U.S.C. § 2106 and the *Pinkerton* doctrine by concluding that there was sufficient evidence to convict McNeal of the lesser-included offense of conspiracy to commit simple bank robbery. Gov. Br. at 37. McNeal does not concede he is vulnerable to a conviction for a conspiracy to commit simple bank robbery. Now that the Government raises this question in it's brief it only now becomes necessary for McNeal to point out that the Government is not entitled to this finding of the lesser-included offense and that the record is equally anemic concerning evidence McNeal joined this lesser-included conspiracy.

The Government neglected to ask for a lesser-included instruction for a conspiracy to commit simple bank robbery. JA 196. 18 U.S.C. § 2113(a) provides a maximum sentence of 20 years for bank robbery. 18 U.S.C. § 2113(d), however, increases the maximum sentence to 25 years for bank robbery if the defendant is armed with a dangerous weapon, including a firearm. The Government's decision to pursue the higher potential penalty with

8

an "all or nothing approach" forecloses this remedy on appeal in

favor of the Government:

> We may nonetheless direct the trial court to enter a
> judgment on a lesser offense if the evidence is
> insufficient to support a guilty verdict on the greater
> offense but sufficient on the lesser offense when (1)
> the lesser offense [is] a lesser-included offense-a
> 'subset' of the greater one; **(2) the jury [was]**
> **explicitly instructed that it could find the defendant**
> **guilty of the lesser-included offense and [was]**
> **properly instructed on the elements of that offense**;
> and (3) the government [requested] on appeal that
> judgment be entered against the defendant on the lesser
> offense. (Emphasis provided).

*United States v. Dinkane*, 17 F.3d 1192, 1198 (9th Cir. 1994)

(internal quotations omitted). *See also United States v. Dhinsa*,

243 F.3d 635, 676–77 (2d Cir. 2001) (refusing to affirm a

conviction for coercion based upon the government's reasoning

that the evidence established a lesser included offense, because

the district court did not give a lesser included offense

instruction); *United States v. Vasquez-Chan*, 978 F.2d 546, 554

(9th Cir. 1992) *overruled on other grounds by United States v.*

*Nevils*, 598 F.3d. 1158 (9th Cir. 2010) (requiring a showing that

the district court explicitly instructed the jury that it could

convict a defendant of lesser included offense and an

instruction setting forth the elements of the lesser included

offense); *United States v. Mitcheltree*, 940 F.2d 1329, 1352 n. 17

(10th Cir. 1991) (suggesting remand with an order to enter

judgment on a lesser-included offense is appropriate only where a

lesser-included offense instruction is given or where parties concede conviction of the lesser-included offense was proper); *United States v. Melton*, 491 F.2d 45, 49 (D.C. Cir. 1973) (refusing to order entry of judgment on a lesser-included offense where the defendant specifically rejected a lesser-included offense instruction and the government chose to seek conviction on only the greater offense); *DeMarrias v. United States*, 453 F.2d 211, 215 (8th Cir. 1972)(where jury was instructed on lesser-included offense a conviction for the lesser-included offense is permitted).

The Government cites to *United States v. Silvers*, 90 F.3d 95, 99 (4th Cir. 1996), for the proposition this Court may impose a conviction for a lesser-included offense when it vacates a greater erroneous conviction, even though the jury did not render an express verdict on the lesser offense.  In *Silvers*, however, this Court vacated a CCE conviction, and reinstated a cocaine conspiracy verdict (which had previously been vacated on the ground that it merged into CCE conviction).  Though the record is silent, there can be no doubt but that the district court gave instructions to the jury on the lesser-included offense of a cocaine conspiracy: the jury actually convicted Silvers of that lesser-included offense.  Thus, *Silvers* does not challenge the proposition that the Government may seek a conviction for a lesser-included offense only if the jury properly was instructed

10

on that offense at trial.

The Government also cites to *Morris v. Mathews*, 475 U.S. 237, 246-47 (1986), which held that a court may reduce a jeopardy-barred conviction to a conviction for a lesser-included offense that is not jeopardy-barred, unless the defendant can show a reasonable probability that he would not have been convicted of the lesser-included offense absent the presence of the jeopardy-barred offense. *Morris v. Mathews* is instructive because in that case the court also had instructed the jury on the lesser-included offense.

The Government additionally cites to *United States v. Dinkane*, *supra*. As noted above, *Dinkane* also specifically held that the finding of a lesser-included offense is only permitted when the jury was given instruction on that lesser-included offense.

There is good reason for this rule. The government cannot have it both ways. It may not avoid the weaker sentencing provisions of the lesser-included offense at trial, while pursuing the higher sentencing range with the assurance that if it stumbles with the jury on the greater offense, it will be assured of the lower tier conviction on appeal in any event. If the Government pursues only the higher sentencing range it must do so at its peril.

Moreover, the lesser-included offense in this case, a

11

conspiracy to commit simple bank robbery, suffers from the same
infirmity as the greater conspiracy:  there is insufficient
evidence to support the conclusion McNeal joined **any** conspiracy
to rob a bank.  The high water mark for the Government's evidence
merely shows McNeal drove a car with Stoddard and another
unidentified person on December 27 into Arlington and that he
returned four days later on December 31 with Stoddard and Link,
and parked his car as these men walked to the Wells Fargo bank.

### 3.  Because the Evidence Does Not Support a Conviction on Count One the Government May Not Assert *Pinkerton* Liability and the Record Supports No Other Theory of Criminal Responsibility on Counts Six and Seven

The Government suggests that even if this Court were to
conclude Count One (the conspiracy to commit armed bank robbery),
is not supported by sufficient evidence, McNeal's convictions on
Counts Six (armed bank robbery) and Seven (brandishing a firearm
during a crime of violence) should still be affirmed because the
evidence shows McNeal aided and abetted the commission of those
crimes by serving as the getaway driver for the robbery.  This
argument improperly bootstraps criminal intent by co-defendants.
If McNeal is not guilty on Count One because he had no knowledge
of the intent to use a firearm, then McNeal cannot be an aider
and an abettor to the underlying armed robbery or the use of a
firearm because, by definition, he had no knowledge of the
firearm for those counts as well:

While it may appear somewhat unreasonable to assume

12

> that any one would undertake to rob a bank without a
> gun or other intimidating weapon, . . . one charged as
> an aider and abettor . . .  should be shown to have
> known that his confederates in crime were armed and
> thus likely to jeopardize lives in the course of the
> robbery by the use of their weapons.

*United States v. McCaskill*, 676 F.2d 995, 998 (4th Cir. 1982);

*See also Dinkane*, at 1195 (in order to convict a defendant for

armed bank robbery under an aiding and abetting theory, the

government must show beyond a reasonable doubt both that the

defendant knew that the principal had, and intended to use, a

dangerous weapon during the robbery, and that the defendant

intended to aid in that endeavor).

**II.   The Evidence as to Counts Three, Five and Seven Was
Insufficient to Support a Conviction Because No Evidence Was
Offered to Prove Beyond a Reasonable Double That the Firearm
Was Designed to Expel a Projectile by the Action of an
Explosive**

As to McNeal, Count Seven must be set aside for the above-

stated reasons.  In addition, McNeal and Stoddard both attack the

sufficiency of the evidence on Counts Three, Five and Seven, the

firearms counts.  The Government refers the Court to *United

States v. Redd*, 161 F.3d 793, 797 (4th Cir. 1998), for the

proposition eyewitness testimony is sufficient to prove that a

person used a firearm.  In that case the Government's two

eyewitnesses offered testimony that Redd used a gun.  In this

case the only witness to address the issue for the jury, Agent

Bourgeoise, testified he was a certified firearms instructor.  JA

555.  However, when asked to describe the item seized from Link

13

on December 31, he testified Government Exhibit 42 was a Glock semiautomatic pistol, 24 model 19, a nine-millimeter handgun. Agent Bourgeois never described this item as a "firearm," as required by the 18 U.S.C. § 924.   JA 555-556.   Even if lay witnesses may offer testimony on this question, the Government is required to prove each and every element of its case. *Keeble v. United States*, 412 U.S. 205, 212 (1973).   18 U.S.C. § 921 clearly required the Government to prove the item held by Link on December 31 was:

> (A) **any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive;** (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm. (Emphasis provided).

18 U.S.C. § 921.   The Government's proof failed to establish this element of the offenses charged.

### III. The District Court Erred with it Admitted Evidence of a Weapon and Money Seized from 1327 Ray Road Because it Was Irrelevant and Because the Government Breached its Agreement Not to Offer Evidence of Pre-Trial Statements by McNeal Which Arguably Supported the Government's Relevancy Argument

In its initial effort to introduce the revolver and the cash the Government limited its evidentiary foundation to 1) agents observing McNeal drive away from 1327 Ray Road on December 27 and December 31, and 2) observations the gun and cash were seized from the only room in the house with men's clothing and toiletries.   Gov. Br. at 52.   The Government never called anyone

14

from 1327 Ray Road to establish McNeal lived at this residence and that he occupied the room where the revolver and cash were found.  The district court erroneously concluded the evidence presented raised "a very weak inference of constructive possession . . . "  JA 709.[1]

The Government then informed the district court there was additional evidence:  McNeal admitted at booking he resided at 1327 Ray Road.  JA 710.  After making this erroneous threshold decision admitting the revolver and the cash, the district court then improperly admitted McNeal's booking statement linking himself to the residence, in derogation of the Government's agreement not to use this evidence.[2]

The Government complains McNeal's objection to the

---

[1]  The Government parenthetically observes "The court likewise concluded that the evidence was relevant under Rule 401 and not unfairly prejudicial under Rule 403 (J.A. 710), but McNeal does not appear to challenge those rulings on appeal. Gov. Br. at 52.  McNeal makes this challenge.  The heading to this argument in McNeal's brief is that this evidence was irrelevant and this issue of the relevance of this evidence is central to McNeal's argument.

[2]  The Government correctly notes McNeal's first counsel filed a suppression motion which contained an admission McNeal resided at 1327 Ray Road.  JA 72.  After trial counsel was asked to represent McNeal, however, the Government agreed not to use McNeal's statements. Thus, the Government's agreement applied to statements made by McNeal directly, and by his first counsel. The Government's energy devoted to the suppression motion, however, misses the point.  The Government never offered the suppression motion as evidence for the jury's consideration to establish a nexus between 1327 Ray Road and McNeal.  Thus, it is irrelevant to the inquiry.

admissibility of the revolver and the cash relied on the late-breaking contention that he did not live at the house, which exploited the prior oral agreement between the parties the Government would not use McNeal's post-arrest statement at trial. Though the Government did not anticipate McNeal would raise this objection, as with any evidentiary objection, it is never late-breaking if is it raised when the evidence is offered. The issue is whether the jury was provided with an evidentiary foundation that allowed it to move from speculation to factual inference.

The Government asked the jury to conclude McNeal was a co-conspirator because he possessed the revolver and cash. This reasoning, however, asked the jury to make too many inferences reliant on other inferences rather than on facts proven. The Court must "allow the government the benefit of all reasonable inferences ***from the facts proven* . . .."** *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982) (emphasis provided). *See also County Court of Ulster County, New York v. Allen*, 442 U.S. 140, 157 (1979) (An entirely permissive inference or presumption, which allows – but does not require – the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one creates the situation where the basic fact may constitute prima facie evidence of the elemental fact). Stated more simply, an inference must arise from a proven fact, not from another inference.

16

The district court erred in finding there was a sufficient factual basis to permit the jury to infer that McNeal constructively possessed the revolver and the cash. The Government acknowledges the district court allowed the jury to balance one inference on the back of another:

> Thus, by the defendant's access to the residence and the vehicle, an inference could be made that the defendant, in fact, lived or at least stayed at the premises and therefore had dominion over the premises. Furthermore, by the description of the contents of the bedrooms and the occupants of the residence, an inference could also be made that the bedroom containing male items belonged to or was used by the defendant and he therefore had control over the concealed firearm.

Gov. Br. at 53. In *United States v. An Article of Device*, 731 F.2d 1253, 1262 (7th Cir. 1984)(internal citations omitted), the court well-stated the problem with resting one inference upon another:

> So long as the finder of fact is reasonably certain of a preliminary inference, it is not unreasonable to use that inference as the basis for further reasoning. . . . Nevertheless, the process of inferential or circumstantial reasoning can, in some cases, reach far beyond the reasonable scope of the evidence, arriving at conclusions based more upon speculation or conjecture than upon the evidence at trial.

*See also, McNeely v. United States*, 353 F.2d 913, 915 (8th Cir. 1965)(it is improper for a court to allow a jury to draw inferences based solely upon another inference). This is precisely what occurred at this trial. Inferences reached far beyond the reasonable scope of the evidence. The Government

17

invited the jury to layer inference upon inference:

1.  McNeal lived at 1327 Ray Road because agents saw him drive away from this address twice.

2.  Not only did he live there, McNeal occupied the room at 1327 Ray Road where the revolver and the cash were found because men's clothing and toiletries were only found in that room and they must, therefore, belong to McNeal;

3.  Because he lived in this room at this address, McNeal must have had exclusive control over items in this room and therefore constructively possessed the revolver and cash found concealed in this room;

4.  Because McNeal possessed the revolver it must be the revolved used in earlier bank robberies;

5.  Because McNeal possessed the cash it must be cash taken from earlier robberies;

6.  Because McNeal possessed the revolver used in earlier robberies and cash taken from earlier robberies, McNeal therefore joined the conspiracy willfully and knowingly.

The district court improperly admitted the revolver and the cash found at 1327 Ray Road without a evidentiary foundation of facts proved rather than facts inferred.

Respectfully Submitted,

James Larry McNeal
By Counsel

18

DELANEY, McCARTHY & COLTON, P.C.


BY:  /s/ Joseph J. McCarthy
        Joseph J. McCarthy, VSB # 19006
        510 King Street, Suite 400
        Alexandria, Virginia  22314
        Telephone: (703) 549-9701
        Facsimile: (703) 836-4285
        mccarthy@lawdmc.com
        Counsel for James Larry McNeal


                                    Respectfully Submitted,

                                    Alphonso Stoddard
                                    By Counsel

        Maureen L. White
        Attorney at Law
        808 North Hamilton Street
        Richmond. VA 23221
        (804) 355-9955
        mmwhite49@ gmai1.com
        Counsel for Alphonso Stoddard

19

## CERTIFICATE OF COMPLIANCE WITH TYPEFACE
## AND LENGTH LIMITATIONS

1.   This brief has been prepared using (SELECT AND COMPLETE ONLY ONE):

___   Fourteen point, proportionally spaced, serif typeface (such as CG Times or Times New Roman, NOT sans serif typeface such as Arial).  Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, CG Times, 14 point):

_X_   Twelve point, monospaced typeface (such as Courier or Courier New).  Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, Courier, 12 point):

2.   EXCLUSIVE of the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules, or regulations; and the certificate of service, the brief contains (SELECT AND COMPLETE ONLY ONE):

___   _____ Pages (give specific number of pages; may not exceed 30 pages for opening or answering brief or 15 pages for reply brief); OR

_X_   _4415_ Words (give specific number of words; may not exceed 14,000 words for opening or answering brief or 7,000 for reply brief); OR

_X_   _665_  Lines of Monospaced Type (give specific number of lines; may not exceed 1,300 lines for opening or answering brief or 650 for reply brief; may be used ONLY for briefs prepared in monospaced type such as Courier or Courier New).

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.  If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

/s/ Joseph J. McCarthy
Joseph J. McCarthy

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2015, I filed with the Clerk's Office of the United States Court of Appeals for the Fourth Circuit the required copies of Appellant's Reply Brief via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

Jennifer A. Clarke
OFFICE OF THE UNITED STATES ATTORNEY
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3821
jennifer.clarke@usdoj.gov


/s/ Joseph J. McCarthy
Joseph J. McCarthy